IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| DENISE L. PALMORE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1:13cv293 (JCC/TRJ) |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Commissioner of Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |

**M E M O R A N D U M   O P I N I O N**

This is an appeal from the Social Security Commissioner's final decision finding that Plaintiff Denise Palmore ("Plaintiff") was not entitled to disability benefits prior to February 23, 2011.  This matter was referred to United States Magistrate Judge Thomas Rawles Jones, Jr. pursuant to 28 U.S.C. § 636(b)(1)(B) for a Report and Recommendation ("R & R") on the parties' cross-motions for summary judgment.  On March 18, 2014, Judge Jones issued an R & R recommending that the Commissioner's final decision be affirmed.  [Dkt. 20.]  Because Plaintiff filed objections, [Dkt. 21], a de novo review of the contested portions of the R & R is required.  *See* 28 U.S.C. § 636(b)(1)(C).  For the reasons that follow, the Court will adopt the R & R and affirm the Commissioner's final decision.

1

## I. Background

Judge Jones has aptly summarized the facts and procedural history of this case and the Court will not attempt to duplicate this effort. (R & R at 2-9.) In brief, Plaintiff filed concurrent claims for Social Security Disability Benefits and Supplemental Security Income on August 19, 2009, and January 27, 2010, respectively. (Admin. R. at 211-15, 217-25.) Plaintiff alleged a disability onset date of January 2, 2009, on the basis of schizophrenia, bipolar disorder, anxiety, irritable bowel syndrome, and hypertension. (*Id.* at 224.)

On June 21, 2011, an administrative hearing was held on Plaintiff's claims. (Admin. R. at 12.) After considering testimony from Plaintiff and a vocational expert, the administrative law judge ("ALJ") found that Plaintiff qualified for disability benefits with an onset date of February 23, 2011. (*Id.* at 24.) Plaintiff unsuccessfully appealed the ALJ's decision regarding her onset date. (*Id.* at 1.) Consequently, the ALJ's ruling became final on January 17, 2013. (R & R at 2.)

Plaintiff then timely filed this action for judicial review, claiming that the ALJ (1) failed to weigh the medical opinion evidence properly, (2) erroneously assessed Plaintiff's credibility, and (3) relied on flawed vocational expert testimony. (Compl. [Dkt. 1] at 3; Pl.'s Summ. J. Mem. [Dkt. 13]

2

at 15-27.)  On March 18, 2014, Judge Jones filed his R & R, in which he rejected Plaintiff's claims and recommended that the Commissioner's final decision be affirmed.  (R & R at 24.)

On March 31, 2014, Plaintiff timely filed her objections, arguing that Judge Jones erred in upholding the ALJ on the aforementioned issues.  (Pl.'s Objections [Dkt. 21] at 2-14.)  The Commissioner has responded, and this matter is now ripe for judicial decision.

## II. Standard of Review

Under Rule 72(b)(3) of the Federal Rules of Civil Procedure, a district judge is required to "determine de novo any part of the magistrate judge's disposition that has been properly objected to."  The "de novo" requirement means that the district court must give "fresh consideration" to the objected-to portions of the report and recommendation.  *United States v. Raddatz,* 447 U.S. 667, 675 (1980).  "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or recommit the matter to the magistrate judge with instructions."  Fed. R. Civ. P. 72(b)(3).

A district court reviewing an administrative decision under the Social Security Act must determine whether the factual findings are supported by substantial evidence and were reached through application of the correct legal standard.  *See Craig v. Chater,* 76 F.3d 585, 589 (4th Cir. 1996).  "Substantial evidence

3

is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," and "consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Id.* (citations and internal quotation marks omitted). In reviewing for substantial evidence, the district court does not re-weigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Commissioner. *Id.* The Commissioner's findings as to any fact, if supported by substantial evidence, are conclusive and must be affirmed. *See Richardson v. Perales,* 402 U.S. 389, 390 (1971) (citation omitted).

Although the federal court's role under the Social Security Act is limited, "it does not follow . . . that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen,* 413 F.2d 278, 279 (4th Cir. 1969). Further, as noted above, the Commissioner's findings of fact are not binding if they were reached by means of an improper standard or misapplication of the law. *See Coffman v. Bowen,* 829 F.2d 514, 517 (4th Cir. 1987).

With these standards in mind, the Court will turn to Plaintiff's objections.

**III. Analysis**

A. <u>Medical Opinion Evidence</u>

Plaintiff first argues that the ALJ erroneously discounted the medical evidence from her treating physicians, Drs. Prasanna and Schuette. (Pl.'s Objections at 2-10.) According to Plaintiff, the ALJ inappropriately "focused on the normal findings while ignoring all the abnormal findings documented by [their] treatment records." (*Id.* at 2-3.) Plaintiff's argument essentially disputes the ALJ's application of 20 C.F.R. § 404.1527(c), colloquially known as the "treating physician rule."

Under the applicable regulations, a treating physician's opinion is entitled to more weight than the opinion of a non-treating physician, but it is entitled to controlling weight only if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record." *Craig,* 76 F.3d at 590. As the Fourth Circuit has explained, medical opinions that are inconsistent with the record and are not well supported should be afforded "significantly less weight." *Mastro v. Apfel*, 270 F.3d 171, 178 (4th Cir. 2001); *see also Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1992) (explaining that an "ALJ may choose to give less

5

weight to the testimony of a treating physician if there is persuasive contrary evidence").

An ALJ who refuses to accord controlling weight to the medical opinion of a treating physician must consider various "factors" to determine how much weight to give the opinion. *See* 20 C.F.R. § 404.1527(c). These factors include: (i) the frequency of examination and the length, nature, and extent of the treatment relationship; (ii) the evidence in support of the treating physician's opinion; (iii) the consistency of the opinion with the record as a whole; (iv) whether the opinion is from a specialist; and (v) any other factors that tend to support or contradict the opinion. *Id.*

Having reviewed the record, the Court agrees with Judge Jones that the ALJ correctly applied the treating physician rule and acted within his discretion in discrediting the medical evidence from Drs. Prasanna and Schuette. *See Mastro,* 270 F. 3d at 178 ("[T]he ALJ holds the discretion to give less weight to the testimony of a treating physician in the face of persuasive contrary evidence." (citation omitted)). After thoroughly discussing Plaintiff's medical history and highlighting several inconsistencies in the evidence, the ALJ declined to give Plaintiff's proffered medical evidence controlling weight, or even great weight, according it instead "little weight." (Admin. R. at 17-21.) There is substantial

6

evidence in the record to support this result. As Judge Jones aptly points out, Plaintiff's treating physicians offered medical conclusions that were generally inconsistent with Plaintiff's prior treatment records and daily activities. (R & R at 10-16.) For instance, in an evaluation report dated October 18, 2009, Dr. Prasanna noted that although Plaintiff's judgment and insight were poor, her concentration, memory, recall, thought process, and motor skills were all within normal limits. (*Id.* at 10.) These observations are pointedly inconsistent with Dr. Prasanna's ultimate conclusion that Plaintiff suffered from severe mental and social functional limitations since the alleged onset date. (*Id.* at 10-11.) Dr. Schuette's treatment notes similarly purport to contradict his assessment that Plaintiff could perform less than sedentary work. In his report dated February 18, 2010, Dr. Schuette noted that many of Plaintiff's conditions like psychiatric problems, shoulder discomfort, hypertension and irritable bowel syndrome were being treated effectively by medication under the supervision of other doctors. (Admin. R. at 1523.)

In sum, there is ample evidence in the record to support the ALJ's decision to afford Plaintiff's treating physicians little weight, and Plaintiff's current attempt to focus the Court on select pieces of contradictory evidence is insufficient to upend the ALJ's judgment. *See Seacrist v.*

7

*Weinberger,* 538 F.2d 1054, 1056–57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistences in the medical evidence, and that it is the claimant who bears the risk of nonpersuasion."); *Henderson v. Astrue,* No. 3:11-CV-195-GCM-DCK, 2012 WL 1569575, at *2 (W.D.N.C. Mar. 22, 2012) ("[S]o long as the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the reviewing court disagrees with the final outcome." (citation omitted)).

Plaintiff's contention that the ALJ simply choose to ignore facts that did not support his position, (Pl.'s Objections at 2-3), is uncorroborated by the record. The fallacy of this argument is evident from the ALJ's written report, which confirms that he carefully reviewed all of the evidence in this matter and justifiably chose to discount Plaintiff's treating physicians. (Admin. R. at 16-21.) As Judge Jones accurately summarized, the record and applicable case law supports the ALJ's decision to discredit Plaintiff's evidence of her alleged disability onset date. (R & R at 9-16.)

There is similarly no merit to Plaintiff's argument that the ALJ erred in relying upon non-examining medical consultants as opposed to her treating physicians. (Pl.'s Objections at 9.) Contrary to Plaintiff's suggestion, the ALJ did not solely rely on the consultants' opinions. Rather, the

ALJ considered all relevant evidence, including Plaintiff's daily activities and other medical proof. (*See* Admin. R. at 16-21.) Plaintiff also fails to note that, under 20 C.F.R. § 404.1527(e), the opinions of non-examining medical consultants constitute "opinion evidence" which, although not binding, comes from "highly qualified physicians and psychologists who are experts in Social Security Disability evaluation." Plaintiff's argument is premised upon the assumption that her treating physicians were entitled to great weight. As noted above, this position is mistaken. A review of the record confirms that the ALJ properly afforded great weight to the consultants' opinions, as they were consistent with significant record evidence that Plaintiff was not disabled prior to February 23, 2011. (*See* R & R at 13-14.)

Finally, there was no error in the ALJ's decision to discredit the opinion of Plaintiff's treating therapist, Ms. Heath. (Pl.'s Objections at 10.) Although an ALJ is required to consider opinions from "other sources," such therapists, 20 C.F.R. § 416.913(d), these opinions are not to be afforded controlling weight, and should be evaluated in consideration of a number of factors:

> How long the source has known and how frequently the source has seen the individual; How consistent the opinion is with other evidence; The degree to which the source presents relevant evidence to support an opinion; How well the source explains the

9

>    opinion; Whether the source has a specialty
>    or area of expertise related to the
>    individual's impairment(s); and Any other
>    factors that tend to support or refute the
>    opinion.

*Napier v. Astrue,* No. TJS-12-1096, 2013 WL 1856469, at *3 (D. Md. May 1, 2013) (citation omitted). This Court cannot reasonably conclude that the ALJ erred in affording Ms. Heath's assessment of Plaintiff "little weight" given she only saw Plaintiff on one occasion and the medical evidence is replete with inconsistencies regarding the severity of Plaintiff's mental limitations. (R & R at 16-17.) As Judge Jones fittingly found, "the ALJ's determination to afford Ms. Heath's opinion little weight is well-supported by the record." (*Id.* at 17.)

    B. <u>ALJ's Credibility Assessment</u>

Plaintiff next takes issue with the ALJ's credibility assessment of her testimony. (Pl.'s Objections at 11.) The ALJ found that Plaintiff's "conservative nature of her medical care, the limited objective medical findings, and the claimant's admitted activities all diminished her credibility regarding the frequency and severity of her symptoms and the extent of her functional limitations." (Admin. R. at 21.) Plaintiff contends that Judge Jones erred in holding that the ALJ followed the appropriate two-step process in reaching this conclusion. (Pl.'s Objections at 11-13.)

It is not the role of this Court to determine whether Plaintiff's testimony was fully credible. *See Craig,* 76 F.3d at 589. Rather, the question for the Court is whether the ALJ applied the proper legal standard in assessing Plaintiff's credibility, and whether the ALJ's decision is supported by substantial evidence. *Id.* The ALJ determines whether a claimant is disabled by a two-step process. *Id.* at 594. First, the ALJ must find "objective medical evidence showing the existence of a medical impairment(s) which results from anatomical, physiological, or psychological abnormalities, and which could reasonably be expected to produce the pain or other symptoms alleged." *Id.* (citations and emphasis omitted). If such evidence is found, the ALJ must then evaluate "the intensity and persistence of the claimant's [symptoms], and the extent to which [they] affect[ ] her ability to work." *Id.* at 595. "This analysis includes an evaluation of the claimant's statements regarding pain, the claimant's medical history, including medical treatment to alleviate pain, and any other evidence relevant to the severity of the impairment, including claimant's daily activities." *Lehman v. Astrue,* 931 F. Supp. 2d 682, 695 (D. Md. 2010) (citation omitted). "The ALJ's determination must contain specific reasons that make clear to the individual and to any subsequent reviewers the weight the [ALJ] gave to the individual's statements and the reasons for

11

that weight." *Dunn v. Colvin,* No. 6:12-cv-00021, 2013 WL 5295675, at *7 (W.D. Va. Sept. 19, 2013) (citation and internal quotation marks omitted).

Here, after setting forth the applicable standards, the ALJ considered Plaintiff's subjective claims under the required two-step process. (Admin. R. at 16-17.)  The ALJ found Plaintiff's impairments could reasonably be expected to cause the symptoms she alleged, but determined that Plaintiff's testimony concerning the intensity, persistence, and limiting effects of her symptoms were "not credible prior to February 23, 2011, to the extent they are inconsistent with the residual functional capacity." (*Id.* at 17.)  The ALJ later explained what specific facts he considered in evaluating Plaintiff's credibility and appropriately cited to several pieces of evidence that supported and contradicted Plaintiff's testimony. As Judge Jones correctly noted, "the ALJ performed the credibility assessment as part of the overall RFC assessment which includes a lengthy discussion of the evidence." (R & R at 19.)  The Court finds no error in the ALJ's credibility assessment.  As he is required to do, the ALJ considered all record evidence in assessing Plaintiff's credibility and specified a multitude of reasons for finding her less than credible.

The Court is not persuaded by Plaintiff's argument that the ALJ erred in relying upon her application for unemployment benefits as substantial evidence that she was not as limited as alleged. (Pl.'s Objections at 12.) This argument mischaracterizes the ALJ's decision. The ALJ noted Plaintiff's application for unemployment benefits as one of many factors impacting his credibility determination, and he at no point stated that the her application was determinative. (R & R at 21.) The ALJ complied with applicable law and properly considered Plaintiff's application for unemployment benefits in conjunction with all other evidence. *See Brannon v. Astrue,* No. 1:11-1568-SVH, 2012 WL 3842572, at *10-12 (S.D.N.C. Sept. 4, 2012).

A reviewing court gives great weight to the ALJ's assessment of a claimant's credibility, and should not interfere with that assessment where the evidence in the record supports the ALJ's conclusions. *See Shively v. Heckler,* 739 F.2d 987, 989-90 (4th Cir. 1984). In considering the record, the undersigned agrees with Judge Jones that there is substantial evidence to support the ALJ's determination that Plaintiff's testimony regarding the intensity, persistence, and limiting effects of her symptoms was not credible.

C. <u>Vocational Expert Testimony</u>

Lastly, Plaintiff argues that the ALJ relied on improper vocational testimony to conclude that she was not disabled prior to February 23, 2011.  (Pl.'s Objections at 14.)  Plaintiff claims that the hypothetical questions posed to the vocational expert did not constitute a fair representation of her impairments as required.  (*Id.*)

Under 20 C.F.R. § 404.1560(c), for purposes of determining whether a claimant who is disabled for past relevant work can perform alternate work roles existing in the national economy, 20 C.F.R. § 404.1560(b)(2) provides that the Commissioner may consider "services of vocational experts or vocational specialists[.]"  It is well established that for a vocational expert's opinion to be relevant, it must be in response to a proper hypothetical question that sets forth all of the claimant's impairments.  *See Walker v. Bowen,* 889 F.2d 47, 50-51 (4th Cir. 1989).  "[I]t is difficult to see how a vocational expert can be of any assistance if he is not familiar with the particular Claimant's impairments and abilities – presumably, he must study the evidence of record to reach the necessary level of familiarity."  *Id*. at 51.  Questions posed to a vocational expert, however, need only reflect those impairments supported by the record and not all impairments

alleged by the claimant.  *See Chrupcala v. Heckler,* 829 F.2d 1269, 1276 (3d Cir. 1987).

Here, Plaintiff's underlying argument is that the vocational expert's testimony was flawed because it did not incorporate all the limitations her treating physicians described.  (R & R at 22-23.)  As noted above, the Court agrees with Judge Jones that the ALJ did not err in discounting the medical opinions of Plaintiff's treating physicians. Consequently, the ALJ was not required to elicit vocational expert testimony based on the limitations alleged therein.  *See Craigie v. Bowen*, 835 F.2d 56, 57-58 (3d Cir. 1987) (finding that the ALJ is not required to credit vocational expert testimony elicited in response to a hypothetical question that includes limitations that the ALJ finds not to be credible).

The Court finds that the ALJ properly relied upon vocational expert testimony that incorporated Plaintiff's limitations that were well-supported by the evidence. Accordingly, Plaintiff's final objection is overruled.  *See McPherson v. Astrue,* 605 F. Supp. 2d 744, 760-61 (S.D. W. Va. 2009).

## IV. Conclusion

The Court has independently reviewed the record in this case along with Plaintiff's objections.  For the reasons set forth above, the Court finds no meritorious reason to

15

sustain Plaintiff's objections.  The Court will therefore adopt the findings and recommendations set forth in Judge Jones's R & R dated March 18, 2014.  An appropriate order will follow.

|  |  |
|---|---|
| April 16, 2014<br>Alexandria, Virginia | /s/<br>James C. Cacheris<br>UNITED STATES DISTRICT COURT JUDGE |